UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-0535-KJD-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| SAGECREEK HOMEOWNERS ASSOCIATION, *et al.*, | |
| Defendants. | |

Before the Court is plaintiff/counterdefendant Bank of America's motion for partial summary judgment (#51) to which defendant/counterclaimant SFR Investments Pool 1, LLC responded (#54), and Bank of America replied (#55). Defendant/counterclaimant SFR Investments Pool 1, LLC has also moved for summary judgment (#52). Bank of America responded (#53), and SFR Investments replied (#56).

Also before the Court is Bank of America's motion to file supplemental authority in light of the Nevada Supreme Court's decision in Bank of America, N.A. v. Thomas Jessup, LLC Series VII, 435 P.3d 1217 (Nev. 2019). (#57). SFR Investments opposed the motion (#58), and Bank of America has replied (#59).

This is a dispute over whether a non-judicial foreclosure extinguished Bank of America's deed of trust on a property located at 1063 Country Skies Avenue in Las Vegas, Nevada. SFR Investments purchased the property at auction after Sagecreek foreclosed on its delinquent-assessment lien. SFR Investments argues that it owns the property free and clear because Sagecreek's foreclosure extinguished Bank of America's deed of trust. Bank of America, on the other hand, claims that its deed of trust survived Sagecreek's foreclosure because the bank satisfied the association's superpriority lien by attempting to tender payment.

Although the bank never actually sent a check, its tender is excused because Sagecreek made clear that it would reject such a payment. As a result, Sagecreek's foreclosure did not extinguish Bank of America's deed of trust on the property. That deed of trust continues to encumber the property, and SFR Investments purchased the property subject to the bank's interest. Accordingly, the Court grants Bank of America's motion for partial summary judgment (#51) and denies SFR Investments' competing motion for summary judgment (#52) inasmuch as it seeks to quiet title against Bank of America.

### I. **Background**

In April of 2009, cross-defendants Erik and Lauralee Novy refinanced their mortgage on the Country Skies property. Paramount Mortgage financed the loan, and the Federal Housing Administration (FHA) insured the loan. Pl.'s Mot. Summ. J. Ex. A, ECF No. 51. The loan amount was $140,248, which was secured by a deed of trust against the property. Id. In February of 2012, Paramount Mortgage assigned its senior deed of trust to Bank of America. Pl.'s Mot Summ. J. Ex. C, ECF No. 51. The property was part of the Sagecreek Homeowners Association and subject to the association's Covenants, Conditions, and Restrictions ("CC&Rs"). The CC&Rs required the Novys to pay monthly assessments for maintenance and other common community upkeep.

At some point, the Novys fell behind on their mortgage and association obligations. That caused Sagecreek to initiate foreclosure proceedings against the Novys. Sagecreek used defendant Absolute Collection Services, LLC to record the foreclosure liens and notices. Absolute Collection Services recorded a notice of delinquent assessment lien against the property on July 31, 2012. Id. at Ex. D. That lien identified a total delinquency of $1,037.36. Id. Neither the Novys nor Bank of America satisfied the delinquency, and Sagecreek recorded a notice of trustee's sale the following February. Id. at Ex. I. The trustee's sale was scheduled for April 16, 2013. Id.

Prior to the sale, Bank of America retained law firm Miles, Bauer, Bergstrom & Winters LLP to ascertain and satisfy the superpriority lien on the property. Miles Bauer contacted Absolute Collection and offered to pay the outstanding lien balance if Absolute Collection would

disclose what that balance was. Id. at Ex. G 2. Miles Bauer's letter stated:

> It is unclear . . . what amount the nine months' of common assessments . . . actually are. *That amount, whatever it is, is the amount BANA should be required to rightfully pay to fully discharge its obligations to the HOA per NRS 116.3102 and my client hereby offers to pay that sum* upon presentation of adequate proof of the same by the HOA.

Id. (emphasis added). Collection Manager, Kelly Mitchell, responded to Miles Bauer's letter but refused to disclose the outstanding balance. Instead, Mitchell stated that it was Absolute Collection's view that "without the action of foreclosure, a 9 month Statement of Account [was] not valid." Id. at Ex. H. Mitchell's response also confirmed Absolute Collection's intent to proceed with its foreclosure despite not disclosing the outstanding delinquent balance to the bank. Id. Without knowing the amount of the outstanding balance, Bank of America did not send a check. Absolute Collection proceeded to foreclosure on July 16, 2013. It sold the home to SFR Investments for $15,000. Id. at Ex. J.

Bank of America then brought this suit seeking to quiet title and seeking a declaration that its deed of trust survived Sagecreek's nonjudicial foreclosure. See Compl., ECF No. 1. The bank brought four total causes of action: a quiet title and declaratory relief claim against SFR Investments, a claim for an injunction against SFR Investments, a claim for wrongful foreclosure against Sagecreek and Absolute Collection, and a claim for breach of NRS § 116 against Sagecreek and Absolute Collection. Id. SFR Investments answered the complaint. It counterclaimed for quiet title and declaratory relief against the bank and crossclaimed for quiet title and declaratory relief against the Novys.

Like many other foreclosure cases in this district, the case was then stayed for a time pending the outcome of related cases at the Ninth Circuit and Nevada Supreme Court. The Court lifted the stay in October of 2018. Order Lifting Stay, ECF No. 48. Bank of America moved for partial summary judgment on its quiet title and declaratory relief claims against SFR Investments. Pl.'s Mot. Summ. J., ECF No. 51. The bank has not moved for judgment on its claims against Sagecreek or Absolute Collection. In response, SFR Investments cross-moved for summary judgment on its own quiet title and declaratory relief claims against Bank of America and the Novys.

## II. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586

## III. Analysis

Bank of America argues that its deed of trust survived Sagecreek's nonjudicial foreclosure for four discrete reasons: (1) the bank tendered—or was excused from tendering—the superpriority portion of the HOA lien; (2) the association foreclosed under an unconstitutional version of NRS § 116; (3) the sale was unfair and should be equitably set aside; and (4) the Supremacy Clause preempts NRS § 116. Because the Court finds Bank of America's tender argument dispositive, it need not reach the bank's other arguments. SFR Investments, on the other hand, moves for summary judgment on its quiet title claim. It seeks a declaration that Sagecreek's foreclosure extinguished both Bank of America's and former-owners Erik and Lauralee Novy's interest in the property. The Court turns first to Bank of America's motions.

*A. Bank of America's Motion for Leave to File Supplemental Authority*

As an initial matter, the Court grants Bank of America's motion for leave to file supplemental authority. ECF No. 57. The bank asks the Court to consider recent Nevada

1  Supreme Court authority that was issued after the parties filed their respective motions for
2  summary judgment. See Bank of America, N.A. v. Thomas Jessup, LLC Series VII, 435 P.3d
3  1217 (Nev. 2019). The Court finds that Thomas Jessup is mandatory and binding authority on
4  the issues that Bank of America presents here. In fact, the Court would have considered Thomas
5  Jessup regardless of whether Bank of America moved to supplement its motion. See Bradley v.
6  Sch. Bd. of City of Richmond, 416 U.S. 696, 711 (1974) (the Court applies the law in effect at
7  the time it renders its decision). Further, the Court finds nothing procedurally improper about
8  Bank of America's motion for leave to file supplemental authority. Therefore, the Court grants
9  the bank's motion and will consider the precedent set out in Thomas Jessup.

    *B. Standing*

Before the Court reaches Bank of America's remaining arguments, it must determine whether the bank has standing to enforce the deed of trust. SFR Investments argues that the bank does not have standing because it has not shown that both the deed of trust and promissory note transferred from the original lienholder to Bank of America. SFR continues that because Bank of America has not produced the original "wet-ink endorsed Note," it has not proven a valid chain of title and lacks standing. Def.'s Resp. 28–29, ECF No. 54. SFR Investments is correct that in a foreclosure action, the burden rests with the bank to demonstrate that both the note and deed of trust were properly transferred to it before it can assert its right to foreclose. See Res.' Grp., LLC v. Nev. Assoc. Svcs., 437 P.3d 154, 157 (Nev. 2019); Edelstein v. Bank of New York Mellon, 286 P.3d 249, 258 (Nev. 2012) ("*to foreclose*, one must be able to enforce both the promissory note and the deed of trust") (emphasis added).

But this is not a foreclosure action. It is a quiet title action to assert a previously held interest. Thus, Bank of America need not prove at the outset that it can enforce both the note and deed of trust. Further, SFR Investments has not presented any evidence that Bank of America does not hold both the deed of trust and promissory note. Meanwhile, Bank of America has provided evidence of the assignment of the deed of trust from Paramount Mortgage in 2012. Pl.'s Mot. Summ. J. Ex. C. Accordingly, the Court finds that Bank of America has standing to assert its interest in the property.

*C. Tender*

Bank of America contends that its attempt to ascertain and pay the superpriority amount of Sagecreek's lien constituted valid tender and preserved its deed of trust. Alternatively, the bank argues that it was exempt from the tender requirement because Absolute Collection made clear that it would reject any offer of tender. Bank of America retained law firm Miles Bauer to contact Absolute Collection and tender the superpriority amount of the HOA's lien. Miles Bauer contacted Absolute Collection by letter and offered to pay the outstanding lien if the collection company would disclose what that amount was. Absolute Collection refused, and Sagecreek proceeded with the foreclosure.

The Nevada Supreme Court has addressed the issue of tender in a series of recent decisions. First, in Bank of America, N.A. v. SFR Invs. Pool 1, LLC, the Court clarified that a bank's valid tender of the superiority lien amount prior to foreclosure preserves its interest in the property. 427 P.3d 113, 118 (Nev. 2018). In tendering payment for the full superpriority balance, the bank voids the association's foreclosure of the superpriority lien, which results in the buyer taking the property subject to the bank's deed of trust. Id. at 121. Six months later, The Nevada Supreme Court reinforced the tender rule and also found that a bank's attempted tender coupled with an express rejection of that tender excuses the tender requirement. Bank of America, N.A. v. Thomas Jessup, LLC Series VII, 435 P.3d 1217 (Nev. 2019). After Thomas Jessup, a bank may preserve its lien even if it failed to send a physical check so long as the association or its agent made clear that it would reject that payment. Id. at 1220. This Court has adopted the Nevada Supreme Court's reasoning. See RH Kids, LLC v. MTC Fin., 367 F.Supp.3d 1179, 1185–86 (D. Nev. 2019); Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC, No. 2:17-cv-00457-KJD-GWF, 2018 WL 5019376 (D. Nev. Oct. 16, 2018).

The facts here are nearly identical to the facts in Thomas Jessup, and the result is the same. In Thomas Jessup, Bank of America retained Miles Bauer who contacted Absolute Collection Services—the association's agent—to request a pay-off amount of the superpriority portion of the association's lien. 435 P.3d at 1218. The letter stated:

A portion of your HOA lien is arguably senior to [the Bank's] first deed of trust,

> specifically the nine months of assessments for common expenses incurred before the date of your notice of delinquent assessment . . . It is unclear, based upon the information known to date, what the nine months' of common assessments . . . actually are. *That amount, whatever it is, is the amount [the Bank] should be required to rightfully pay to fully discharge its obligations to the HOA . . . and my client hereby offers to pay that sum upon presentation of adequate proof of the same by the HOA.*

Id. (emphasis added). Absolute Collection responded to the letter by fax but refused to provide the lien amount. Id. That fax stated:

> In conversations past, you had stated your client[']s position of paying for 9 months of assessments . . . all occurring before foreclosure by your client. I am making you aware that it is our view that *without the action of foreclosure [by the bank], a 9 months Statement of Account is not valid.* At this time, I respectfully request that you submit the Trustees Deed Upon Sale showing your client's possession of the property and the date that it occurred. At that time, we will provide a 9 month super priority lien Statement of Account.

Id. (emphasis added). Although Absolute Collection's response did not explicitly reject Bank of America's offer of tender, the "only reasonable construction" of its response was that it would, in fact, reject tender. Id. at 1220. As a result, Bank of America was excused from sending a physical check, and its deed of trust survived.

Here, the correspondence between Bank of America and Absolute Collection Services is nearly identical. Bank of America, through Miles Bauer, sent Absolute Collection Services a letter, stating that it would pay "the amount [the Bank] should be required to rightfully pay to fully discharge its obligations to the HOA." Pl.'s Mot. Summ. J. Ex. G, ECF No. 51. Like Thomas Jessup, Absolute Collection refused. It responded, "it is our view that without the action of foreclosure, a 9 month Statement of Account is not valid." Id. Ex. H. The only cognizable difference between this case and Thomas Jessup is that there, Absolute Collection faxed Bank of America. 435 P.3d at 1220. Here, the collections company sent the same denial by letter. Consistent with the Nevada Supreme Court, this Court determines that Absolute Collection's response could only be interpreted as a rejection of the bank's offer of tender. As a result, Bank of America is excused from tendering a physical check, and its deed of trust survived Sagecreek's foreclosure. SFR Investments, therefore, took the property subject to Bank of America's deed of trust.

The Court, therefore, grants Bank of America's motion and declares that its deed of trust still encumbers the property.

### D.  *SFR Investments Pool 1, LLC's Motion for Summary Judgment*

The Court has determined that Bank of America's deed of trust survived Sagecreek's nonjudicial foreclosure because Absolute Collection's rejection of the bank's offer of tender excused the bank from the tender requirement. As a result, the Court denies SFR Investment's motion for summary judgment inasmuch as it seeks quiet title against Bank of America. Left over is SFR Investments' quiet title action against former-owners Erik and Lauralee Novy. Although Sagecreek's nonjudicial foreclosure did not extinguish Bank of America's deed of trust, it did extinguish the Novy's interest, which was subordinate to the bank's. This is because neither the Novys—nor any other party that the Court can tell—attempted to tender payment to cure Sagecreek's outstanding liens. Accordingly, Sagecreek's foreclosure extinguished the Novy's interest in the property. The Court, therefore, grants SFR Investments' motion for summary judgment inasmuch as it seeks quiet title against the Novys and finds that the Novys property interest was extinguished by Sagecreek's nonjudicial foreclosure.

## IV.  **Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff/counterdefendant Bank of America's motion for leave to file supplemental authority (#57) is **GRANTED**;

IT IS FURTHER ORDERED that Bank of America's partial motion for summary judgment (#51) is **GRANTED**. The Court declares that Sagecreek Homeowners Association's nonjudicial foreclosure did not extinguish Bank of America's deed of trust and that the deed of trust still encumbers the property.

IT IS FURTHER ORDERED that defendant/crossclaimant SFR Investments Pool 1, LLC's motion for summary judgment (#52) is **GRANTED IN PART** and **DENIED IN PART**. The Court denies the motion inasmuch as it seeks to quiet title against Bank of America. It grants the motion and finds that SFR Investment's interest is superior to former owners Erik and Lauralee Novy.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of Bank of America and against SFR Investments Pool 1, LLC as to Bank of America's deed of trust. The Clerk of the Court shall **ENTER JUDGMENT** in favor or SFR Investments Pool 1, LLC and against Erik and Lauralee Novy.

IT IS FURTHER ORDERED that Bank of America shall file a status report as to its remaining two claims—breach of NRS § 116 and wrongful foreclosure—against defendants Sagecreek Homeowners Association and Absolute Collection Services, LLC within fourteen days of the entry of this order.

Dated this 24th day of July, 2019.

_____
Kent J. Dawson
United States District Judge